**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KERBOW, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-2156** |
| **WASHINGTON PARISH SCHOOL BOARD, ET AL.** | **SECTION: N** |

## ORDER

Before the Court is Plaintiffs' Renewed Emergency Motion for Temporary Restraining Order Preserving the Status Quo Pending Ruling on Preliminary Injunction.[1] Also pending in this case is Plaintiff's Motion for Preliminary Injunction,[2] for which the Court held a hearing on October 8, 2026. Plaintiffs request this TRO to maintain the status quo pending a ruling on the preliminary injunction, specifically, to halt the Special Education Advisory Counsil meeting on October 14, 2026,[3] and the Washington Parish School Board meeting on October 15, 2026.[4]

To obtain a TRO, a plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the TRO is not issued, (3) that the threatened injury if the TRO is denied outweighs any harm that will result if the TRO is granted, and (4) that the grant of a TRO will not disserve the

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 8.
[3] The meeting is to address "MHS Refiguration [*sic*] Support"
[4] "The agenda includes approval of 'the minutes for the September 24, 2026 Special Board Meeting,' the meeting at which the reconfiguration was adopted (item 5), action on the Direct Student Services Budget and on Title I, Title II, and REAP budget revisions for the 2026–2027 fiscal year (items 10–13), a revised public records policy, Policy File 308.00 (item 17), the Superintendent's Report (item 19), and a motion to enter executive session under La. R.S. 42:17 'concerning pending litigation in the matter of Giles, et al. v. Washington Parish School Board, Civ. Action No. 2:26-cv-02156,' which is this case (item 20)." Rec. Doc. 18-2 at 5.

public interest."[5] Such preliminary relief is "an extraordinary remedy" that a court should not grant unless the applicant "has clearly carried the burden of persuasion" on all four requirements.[6] Granting such relief "'is to be treated as the exception rather than the rule.'"[7]

To show immediate and irreparable harm, a plaintiff must demonstrate it is likely it will suffer irreparable harm in the absence of preliminary relief.[8] However, a "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."[9] Plaintiffs argue that the Court should order Defendants to stop implementing the reconfiguration while the Court considers whether to enjoin it. Specifically, Plaintiffs state there is irreparable harm because "implementation will extinguish parents' right to participate before decisions are made and will subject children with disabilities to transitions that may later be reversed."[10]

The renewed motion fails to provide adequate reasoning as to why both meetings in question will produce *irreparable* harm. Plaintiffs have still not shown how meetings regarding implementation of the voted-on decision to reconfigure Mount Hermon School create immediate, certain harm to Plaintiffs. Plaintiffs acknowledge that the reconfiguration, if not enjoined, would not take place until the

---

[5] *Premium Parking Serv., LLC v. Olivier*, No. 23-cv-3405, 2023 U.S. Dist. LEXIS 143019, at *6 (E.D. La. Aug. 16, 2023) (citing *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006)).
[6] *Bluefield Water Ass'n Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (internal quotation marks omitted).
[7] *House the Homeless v. Widnall*, 94 F.3d 176, 180 (5th Cir. 1996) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[8] *Winter v. Nat. Res. Def Council*, 555 U.S. 7, 20 (2008).
[9] *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).
[10] Rec. Doc. 18 ¶ 9.

2027-2028 school year.[11] The specific injury that Plaintiffs are alleging these two meetings will create is speculative and, in any event, not irreparable.[12]

The Court finds that Plaintiffs have failed to meet their burden in showing (1) a substantial likelihood of success on the merits of one or more of their claims; (2) a threat of irreparable harm, as the actual reconfiguration is not scheduled to take effect until the following school year; (3) the alleged injury would outweigh any harm that would result in a grant; and (4) the grant of this TRO would not disserve the public interest. The Court finds this issue is better suited for review in the pending motion for preliminary injunction.

Accordingly,

**IT IS ORDERED** that the Renewed Motion for Temporary Restraining Order is **DENIED**.

New Orleans, Louisiana, this 13th day of October, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

[11] Rec. Doc. 18 ¶ 9.
[12] *Emerson*, 270 F.3d at 262 ("A presently existing actual threat must be shown.").